UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 24, 2015

LETTER TO COUNSEL

    RE:    *United States v. Tony Horne, Sr.*;
            Criminal No. ELH-14-0532

Dear Counsel:

    I have reviewed Mr. Horne's Motion for Release/Motion for Renewed Detention Hearing [ECF No. 55], the Government's Opposition [ECF No. 63], and Mr. Horne's reply [ECF No. 64]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, Mr. Horne's Motion is DENIED.

    Mr. Horne makes two arguments in support of his motion. First, he contends that the Speedy Trial Act, 18 U.S.C. § 3164, requires that any person who is detained is entitled to be tried within 90 days of his continuous detention, or must be released. His argument fails, because, in computing the time limitation, the statute expressly permits exclusion of the periods of delay enumerated in 18 U.S.C. § 3161(h). *See* 18 U.S.C. § 3164(b). Those excluded periods include a reasonable period of delay when a defendant is joined for trial with a co-defendant as to whom the time for trial has not run. 18 U.S.C. § 3161(h)(6). The speedy trial clock for one of Mr. Horne's co-defendants, Steven Jermaine Jones, only began to run on February 20, 2015, when the indictment was unsealed. Thus, the period from Mr. Horne's incarceration on November 14, 2014, through February 20, 2015, is properly excluded from any speedy trial calculation. The Government further contends that the period from February 23, 2015, through disposition of the instant motion should also be excluded, but I need not address that issue at this stage since, with the exclusion of time from November 14, 2014 through February 20, 2015, there is no valid basis to order Mr. Horne's release.

    In his reply, Mr. Horne contends that the exception set forth in § 3161(h)(6) does not apply to the speedy trial calculation under § 3164 because its application would render § 3164 a "nullity." Def. Reply 2. He contends that if § 3161(h)(6) applies, there could be no situation under which defendant's 90-day clock under § 3164 could run before his 70-day clock under § 3161 runs. However, as Mr. Horne acknowledges, each statute provides defendants a distinct form of protection. In 1979, Congress amended § 3164 to expressly incorporate by reference the exclusions of § 3161(h), including § 3161(h)(6). Speedy Trial Act Amendments Act of 1979,

*United States v. Tony Horne, Sr.*
Criminal No. ELH-0532
March 24, 2015
Page 2

Pub. L. 96-43, § 7, 93 Stat. 327 (1979).  Accordingly, it is not, as Mr. Horne contends "clear that Congress did not intend for exclusion (h)(6) to apply." Def. Reply 2.  Moreover, the clocks under the two statutes are triggered by different events.  Although, in cases with multiple defendants, it may be unlikely that a defendant's 90-day clock under § 3164 would run before his 70-day clock under § 3161, the overlap in protections provided by the two statutes does not render § 3164 a nullity.

In support of his motion, Mr. Horne also argues that he should be entitled to a second substantive detention hearing, because (1) evidence produced in discovery did not demonstrate a transaction with a confidential informant, and (2) discovery provided some basis for questioning the veracity of the government's confidential informants.  While those issues may be relevant at a motions hearing or trial, they do not provide a basis for reopening the issue of detention, which largely rested on Mr. Horne's criminal history, including a prior federal conviction, and his prior poor performance on supervision.  Accordingly, Mr. Horne's motion is denied.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge